IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE ROUNDTREE | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | |
| | * | |
| ANTHONY ONWAUNIBE, | * | Civil Action No. GLR-16-4014 |
| RONALD BERGMAN, | * | |
| HENRY RAYMOND, | * | |
| MAYOR & CITY COUNCIL, | * | |
| BALTIMORE, MD CITY SHERIFF'S | * | |
|   OFFICE, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

On December 16, 2016, Yvonne Roundtree filed suit against Defendants to prevent foreclosure on her home in Baltimore, Maryland and to seek $20,000 in damages. (ECF No. 1). Roundtree also filed a Motion to Proceed in Forma Pauperis, which will be granted.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" under 28 U.S.C. § 1332(a). Roundtree asserts diversity of citizenship among the parties as a basis for jurisdiction in the coversheet filed with the Complaint. (ECF No. 1 at 5; ECF No. 1-2). Because Roundtree and all Defendants appear to be domiciled in Maryland, the diversity of citizenship and amount in controversy requirements for jurisdiction are not met. Although Roundtree does not specifically assert there is federal question jurisdiction, she does allege a "civil rights housing violation for senior citizen (age)." (Compl. at 5). Roundtree provides no explanation for why Defendants' actions constitute a violation of her civil rights on account of age. Indeed, she does not specify her age in the Complaint.

In addition, Roundtree cannot convert what is essentially an <u>in rem</u> state foreclosure proceeding into a federal question by citing to federal statute. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." <u>Burgess v. Charlottesville Sav. and Loan Assoc.</u>, 477 F.2d 40, 43 (4th Cir. 1973) (discussing removal of state action to federal court). A complaint, therefore, must contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect. <u>Id.</u> (citing <u>Cuyahoga Co. v. Northern Ohio Co.</u>, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." <u>Burgess</u>, 477 F.2d at 42 (citing <u>Malone v. Gardner</u>, 62 F.2d 15, 18 (4th Cir. 1932)). Roundtree's vague and summary reference to a civil rights housing violation does not support

federal question jurisdiction.  Accordingly this case will be dismissed without prejudice. A separate Order follows.

<u>March 31, 2017</u>                                          <u>         /s/                  </u>
Date                                                          George L. Russell, III
                                                                 United States District Judge